UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN S. GUSTIN,** | : | |
| **Plaintiff** | : | CIVIL ACTION NO. 3:13-2488 |
| v. | : | (MANNION, D.J.) |
| | | (COHN, M.J.) |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, ET. AL.,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## MEMORANDUM

Presently before the court is a Report and Recommendation ("R&R") from Magistrate Judge Cohn recommending that the plaintiff's appeal be denied; the Commissioner's decision be affirmed; and, that the case be closed. (Doc. 25). Upon consideration of the objections presented in the plaintiff's appeal, the plaintiff's appeal is **DENIED**.

## I. BACKGROUND

The plaintiff's claim is based upon neck pain, back pain, and mental impairment. The plaintiff was initially prescribed opiates in 2009 for abdominal pain. In 2010, she was involved in a car accident where she was visibly intoxicated. Toxicology tests revealed the presence of cannabinoids and opiates. She suffered broken ribs in the crash and was prescribed a higher doses of opiates. Upon recovery from her rib injuries, her opiate prescription was reduced and her mental functioning improved.

By the end of 2011, the plaintiff had begun receiving treatment from a

different doctor, who allowed her to continue her high doses of opiates. In 2012, Dr. Czulada began treating her and despite the plaintiff's request to increased dosages, Dr. Czulada attempted to decrease her dosages, believing her levels to be excessive.

On April 27, 2011, the plaintiff applied for disability insurance benefits,. (Tr. 131-35), which was denied on October 4, 2011 by the Bureau of Disability Determination. The plaintiff subsequently requested a hearing. (Tr. 90-91). The ALJ held her hearing on February 13, 2013, at which a vocational expert offered testimony. (Tr. 30-70). On March 6, 2013, the ALJ determined that the plaintiff was not disabled, and thus not entitled to benefits. (Tr. 18-29). The Appeals Council denied the plaintiff's request for review on August 21, 2013, thus making the determination of the ALJ the "final decision" of the Commissioner. (Tr. 5-9).

On October 1, 2013, the plaintiff appealed the Commissioner's decision pursuant to 42 U.S.C. §405(g), thus creating this action. (Doc. 1). On February 12, 2014, the Commissioner filed an answer and the administrative transcript of the proceedings. (Doc. 17 & 18). On April 29, 2014, the matter was referred to Judge Cohn. On March 28, 2014, the plaintiff filed a brief in support of her appeal. (Doc. 21). On April 30, 2014, the defendant filed a response. (Doc. 22). On May 14, 2014, the plaintiff filed a brief in reply. (Doc. 23).

On March 16, 2015, Judge Cohn issued an R&R that the appeal be denied and that the case be closed. (Doc. 25). On April 2, 2015, the plaintiff filed an objection to the R&R. (Doc. 26) and a brief in support (Doc. 27). On

April 15, 2015, the defendant filed a response to the plaintiff's objection. (Doc. 28).

## II.   STANDARD

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

The plaintiff advances five primary objections to Judge Cohn's Report and Recommendation. The plaintiff's first objection is to Judge Cohn's determination that the record supported the weight and consideration given by the ALJ to the opinions of Dr. Czulada, a treating physician of the plaintiff. (Doc. 27, p. 2). In particular, the plaintiff objects to the court's application of the Morris v. Barnhart case, which held: "an ALJ may discredit a physician's opinion on disability that was premised largely on the claimant's own accounts of her symptoms and limitations when a claimant's complaints are properly discounted." 78 Fed. Appx. 820 (3d Cir. 2003). Based upon this holding, Judge Cohn determined that the ALJ was correct in giving limited weight to Dr. Czulada's opinion because it was based solely upon the plaintiff's subjective complaints. (Doc. 25, p. 33). The plaintiff argues, to the contrary, that Dr. Czulada did have objective evidence to support his opinion.

The court agrees with Judge Cohn that the plaintiff has not identified any objective evidence within Dr. Czulada's treatment record that would support his opinion regarding the plaintiff. As the Third Circuit stated in Morris: "the mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion." 78 Fed. Appx. 820, 824-25 (3d Cir. 2003) (citing Craig v. Chater, 76 F.3d 585, 590 n. 2 (4th Cir. 1996)). Dr. Czulada's opinion was written based upon subjective complaints of the plaintiff, as opposed to objective evidence. As such, this is a sufficient ground to reject his opinion. The court agrees with Judge Cohn that this determination, when considered along with the plaintiff's conservative

4

medical treatment relative to Dr. Czulada's opinion, is sufficient to support the determination to apply less weight to Dr. Czulada's opinion.

The plaintiff's second objection is to Judge Cohn's determination that substantial evidence supports the ALJ's evaluations of the opinions of Drs. Hattrick and Fischetto. With respect to Dr. Fischetto, the plaintiff challenges Judge Cohn's determination that the ALJ was correct in assigning limited weight to his opinion that the plaintiff would have a significant limitation in her ability to respond appropriately to the typical pressures associated with an average work setting because the record did not support such a determination. (Tr. 27). Judge Cohn points out that Dr. Fischetto determined that the plaintiff "did not have work-preclusive limitations in interacting with others, making judgments on simple work-related decisions, or carrying out short or detailed instructions." (Doc. 25, p. 35). Rather, the only significant limitations detailed by Dr. Fischetto seem to be the plaintiff's inability to respond appropriately to work pressures and changes in a routine work setting. *Id.* The ALJ listed several reasons to support the finding that the record does not support Dr. Fischetto's determination about the limitation, including that: Dr. Fischetto's determination regarding limitations is inconsistent with the plaintiff's relative lack of mental health treatment, the plaintiff denied emotional problems when being treated by Dr. Glorioso, the plaintiff repeatedly claimed that she was unable to work due to memory loss and lack of motor skills as opposed to the inability to handle the pressures inherent to a typical work environment, and the plaintiff's mental status and mood were normal at each of her evaluations conducted by Dr. Czulada.

5

(Doc. 25, pp. 36-7). Thus, we agree with Judge Cohn, that the ALJ's characterization of the record was accurate.

Regarding Dr. Hattrick, the plaintiff challenges Judge Cohn's determination that any error in evaluating Dr. Hattrick's opinion is harmless because "she did not specifically address Plaintiff's work-related functional limitations." (Doc. 25, p. 36). Rutherford v. Barnhart, 399 F.3d 546, 552-53 (3d Cir. 2005) (remand is not required if it would not have an affect on the outcome of the case). Judge Cohn, however, is correct in pointing out that unlike Dr. Fischetto, Dr. Hattrick did not provide an assessment of her work-related functional limitations. Additionally, the ALJ placed greater weight on the opinion of Dr. Rightmyer that the plaintiff's mental impairments did not create work-preclusive limitations due to its consistency with respect to the evidence of record. (Tr. 26). The ALJ explained that during the relevant period, the plaintiff did not received mental health treatment. *Id*. Further still, the ALJ pointed out that at least two doctors noted that the plaintiff's mentation had improved upon the cessation of the use of oxycontin. The court agrees with Judge Cohn that "a reasonable mind could accept this evidence as adequate to resolve the conflict between the medical opinions in favor of Dr. Rightmyer." (Doc. 25, p. 37).

The plaintiff's third objection is to Judge Cohn's finding that substantial evidence supports the ALJ's determination regarding the plaintiff's lack of credibility. Judge Cohn is correct to point out that the ALJ rejected the plaintiff's credibility for a wide variety of reasons, including the plaintiff's "drug-seeking behavior," the conservative medical treatment, and the

inconsistencies in the plaintiff's claims regarding her physical condition as compared to the available medical records. (Doc. 25, p. 45). Judge Cohn references the statements of several doctors concerning the improper requests for narcotic medication made by the plaintiff. *Id*. For the multitude of reasons laid out in the R&R, the court rejects the plaintiff's contention that when considered in the entirety, the record supports the plaintiff's statements concerning her credibility.

The plaintiff's fourth objection is to Judge Cohn's determination that the ALJ was correct in not relying on the hypothetical question based upon the opinion of Dr. Czulada, Dr. Hattrick, and Dr. Fischetto and the plaintiff's subjective statements. The ALJ decided not to rely on this hypothetical question because he gave little weight to the opinion of these doctors and found that the plaintiff's subjective statements were less than credible. Judge Cohn found that the plaintiff's objection essentially amounted to an attack on the ALJ's RFC. (Doc. 25, p. 47). The plaintiff's argument is largely based upon the contention that the ALJ failed to give these opinions proper weight. As Judge Cohn correctly points out, the substantial weight of the record supports the ALJ's RFC assessment.

The plaintiff's final objection asserts that evidence that was not before the ALJ justifies remand. The plaintiff argues that remand is warranted based upon the language of sentence six of section 405(g), 42 U.S.C., which requires that the evidence must be "new... not merely cumulative... 'material'... [and] relevant and probative." It also requires that evidence not before the ALJ

7

be omitted for "good cause." *Id*. Judge Cohn considered the evidence cited by the plaintiff and reasonably determined that it did not satisfy the "new, material, and omitted for 'good cause'" requirements of section 405(g). (Doc. 28, p. 47-8). For the reasons stated in the R&R, the court agrees with Judge Cohn's determination.

## IV. CONCLUSION

The court has reviewed each of the plaintiff's objections (Doc. 26) to the Report and Recommendation of Judge Cohn. (Doc. 25). Based upon the foregoing, the plaintiff's objections are **DENIED** and the court **ADOPTS** the Report and Recommendation in its entirety.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 2, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2488-01.wpd